UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60083-CR-ZLOCH

UNITED STATES OF AMERICA,

          Plaintiff,

v.

ROBERTO RODRIGUEZ,

          Defendant.
_____/

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the United States respectfully requests that the following jury instructions be given at trial in the above-styled action. It is further requested that the parties be allowed to propose such additional instructions as become appropriate based on the trial testimony, and that they be informed prior to closing arguments which instructions the Court will accept and which it will reject.

Respectfully submitted,

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

By: /s/ Laurie E. Rucoba
LAURIE E. RUCOBA
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500052
500 East Broward Blvd., # 700
Ft. Lauderdale, FL  33394
Tel:(954) 356-7255, ext. 3613
Fax: (954) 356-7336
Laurie.Rucoba@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 22, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/   Laurie E. Rucoba
LAURIE E. RUCOBA
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60083-CR-ZLOCH

UNITED STATES OF AMERICA,

              Plaintiff,

v.

ROBERTO RODRIGUEZ,

              Defendant.
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

    It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

    It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the Indictment.

**Proposed Jury Instruction No. 1**

**<u>Duty to Follow Instructions</u>**
**<u>Presumption of Innocence</u>**
**(When Any Defendant Does Not Testify)**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The Indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

---

Eleventh Circuit Pattern Jury Instructions
Basic Instruction No. 2.2

**Proposed Jury Instruction No. 2**

**Definition of Reasonable Doubt**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

Eleventh Circuit Pattern Jury Instructions
Basic Instruction No. 3

**Proposed Jury Instruction No. 3**

**<u>Consideration of the Evidence,
Direct and Circumstantial
Argument of Counsel</u>**

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

---

Eleventh Circuit Pattern Jury Instructions
Basic Instruction No. 4.2

**Proposed Jury Instruction No. 4**

**<u>Credibility of Witnesses</u>**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

---

Eleventh Circuit Pattern Jury Instructions
Basic Instruction No. 5

**Proposed Jury Instruction No. 5**

**<u>On or about</u>**

You will note that the Indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

---

Eleventh Circuit Pattern Jury Instructions
Basic Instruction No. 9.1 (modified)

## Proposed Jury Instruction No. 6

### Impeachment
### Inconsistent Statement
### (Defendant Testifies with No Felony Conviction)

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

---

Eleventh Circuit Pattern Jury Instructions
Basic Instruction No. 6.3

**Proposed Jury Instruction No. 7**

**<u>Introduction to Offense Instructions</u>**

At this time I will explain the Indictment which charges seventeen separate offenses called "counts." I will not read it to you at length because you will be given a copy of the Indictment for reference during your deliberations.

In summary, Counts 1 through 17 charge that the Defendant did intentionally exceed authorized access to a computer, and thereby obtained information for his personal use, from the Social Security Administration, a department and agency of the United States, that is, the defendant exceeded authorized access on the Social Security Administration's computer and obtained names, dates of birth, Social Security numbers, and summary earnings information for seventeen individuals, in violation of Title 18, United States Code, Sections 1030(a)(2)(B) and (c)(2)(A).

---

Eleventh Circuit Pattern Jury Instructions
Basic Instruction No. 8

Proposed Jury Instruction No. 8

**Computer Fraud
Exceeding Authorized Access
Title 18:1030 (a)(2)(B) and (c)(2)(A)**

Title 18, United States Code, Sections 1030 (a)(2)(B) and (c)(2)(A) make it a Federal crime or offense for anyone to intentionally access a computer in excess of one's authorization, and thereby obtain information from any department or agency if the United States..

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:  That the Defendant intentionally accessed a computer in excess of the Defendant's authorization; and

Second:  That the Defendant thereby obtained information from a department or agency of the United States.

The term "computer" means an electric, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes and data storage facility or communications facility directly related to or operating in conjunction with such device.

The term "exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter.

Acts of "intentional" unauthorized access are prohibited, rather than those that are mistaken, inadvertent or careless ones. The term "intentionally" means more than that one voluntarily engaged in conduct or caused a result. Such conduct or the causing of the result must have been the person's

conscious objective.' " [1]

The Social Security Administration is an agency of the United States, that is, it is one of the departments in the executive branch of the Government.  42 U.S.C. § 901(a).

---

[1] S. Rep. No. 99-432, at 6 (1986), reprinted in 1986 U.S.C.C.A.N. 2479, 2484 (quoting another Senate Report). See also commentary to Ninth Circuit Criminal Jury Instruction 8.78.

**Proposed Jury Instruction No. 9**

**<u>Caution - Punishment</u>**
**(Single Defendant - Multiple Counts)**

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect you verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for the specific offenses alleged in the Indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

---

Eleventh Circuit Pattern Jury Instructions
Basic Instruction No. 10.2

**Proposed Jury Instruction No. 10**

**<u>Duty to Deliberate</u>**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

Eleventh Circuit Pattern Jury Instructions
Basic Instruction No. 11

**Proposed Jury Instruction No. 11**

**<u>Verdict</u>**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over you deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

It you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

---

Eleventh Circuit Pattern Jury Instructions
Basic Instruction No. 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60083-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERTO RODRIGUEZ,

    Defendant.

_____/

## **VERDICT**

WE, THE JURY, FIND the Defendant ROBERTO RODRIGUEZ, as to the counts of the Indictment, and the charges that the Defendant intentionally exceeded authorized computer access:

Count 1: \_\_\_\_ GUILTY    \_\_\_\_ NOT GUILTY

Count 2: \_\_\_\_ GUILTY    \_\_\_\_ NOT GUILTY

Count 3: \_\_\_\_ GUILTY    \_\_\_\_ NOT GUILTY

Count 4: \_\_\_\_ GUILTY    \_\_\_\_ NOT GUILTY

Count 5: \_\_\_\_ GUILTY    \_\_\_\_ NOT GUILTY

Count 6: \_\_\_\_ GUILTY    \_\_\_\_ NOT GUILTY

Count 7:      ____ GUILTY      ____ NOT GUILTY

Count 8:      ____ GUILTY      ____ NOT GUILTY

Count 9:      ____ GUILTY      ____ NOT GUILTY

Count 10:     ____ GUILTY      ____ NOT GUILTY

Count 11:     ____ GUILTY      ____ NOT GUILTY

Count 12:     ____ GUILTY      ____ NOT GUILTY

Count 13:     ____ GUILTY      ____ NOT GUILTY

Count 14:     ____ GUILTY      ____ NOT GUILTY

Count 15:     ____ GUILTY      ____ NOT GUILTY

Count 16:     ____ GUILTY      ____ NOT GUILTY

Count 17:     ____ GUILTY      ____ NOT GUILTY

So say we all.

_____        _____
FOREPERSON                    DATE